DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the May 19, 2003 judgment of the Wood County Court of Common Pleas which ordered appellant, Keith Baldwin, to pay the attorney fees of appellee, Marvin Belknap, as part of the costs this court ordered Baldwin to pay following the reversal and remand of a prior appeal of this case. Because the trial court lacked jurisdiction to determine what constitutes the "costs" awarded to a party on appeal, we reverse the decision of the lower court. Baldwin asserts the following sole assignment of error on appeal:
 {¶ 2} "The trial court is without power to interpret and/or order from the Ohio Appellate Rules of Procedure because assessment of costs on appeal is exclusively within the jurisdiction of the appellate court, therefore the trial court could not properly have granted Appellee's motion for costs. [sic]"
 {¶ 3} In our March 13, 2003 final judgment in Baldwin v.Vogelsong, 6th Dist. App. No. WD-01-065, 2003-Ohio-683, this court reversed an order of the Wood County Court of Common Pleas and ordered Baldwin to pay the costs of the appeal. This court remanded the case to the trial court solely for the purposes of having the court enter judgment in favor of Belknap.
 {¶ 4} While on remand, Belknap filed a motion in the trial court pursuant to Civ.R. 54 for costs of the action. Based upon its review of the App.R. 24(B) definition of costs, the court determined that the costs of the action were $1,845.21. This amount includes the filing fee and the cost for the preparation of the trial transcript. The court further ordered Baldwin to pay the costs of prosecuting the post-appeal motion for costs.
 {¶ 5} We agree with Baldwin that the trial court lacked jurisdiction to interpret our appellate judgment and determine what costs were to be borne by Baldwin in that case. Determination of what are the costs of the appeal under App.R. 24(B) is solely within the jurisdiction of the appellate court. Munroe v. Munroe (1997), 119 Ohio App.3d 530,545, and Wengerd v. Martin (Apr. 5, 2000), 9th Dist. App. No. 99CA0004 at 19. Baldwin's sole assignment of error is well-taken.
 {¶ 6} Having found that the trial court committed error prejudicial to Baldwin, the judgment of the Wood County Court of Common Pleas is reversed. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on this appeal.
Judgment Reversed.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J. and Arlene Singer, J., concur.